LARRY McCABE AND WAYNE COOPER WILLHITE v.
STATE OF ARKANSAS

5383                                      434 S.W. 2d 277

Opinion Delivered December 9, 1968

*Harold Hall* for appellant.

*Joe Purcell*, Atty. Gen. and *Don Langston*, Asst. Atty. Gen. for appellee.

GEORGE ROSE SMITH, Justice.    The appellants, McCabe and Willhite, were convicted of grand larceny for having stolen a color television set from the Broadway Motel in North Little Rock and were each sentenced to six years in prison.    The principal question is whether the court correctly refused a requested defense instruction telling the jury that if they found Kenny Gross to have been an accomplice they could not convict the defendants upon Gross's testimony unless it was corroborated by other evidence tending to connect the defend-

ants with the commission of the offense. Ark. Stat. Ann. § 43-2116 (Repl. 1964). The instruction also explained the meaning of ''accomplice.''

On July 27, 1967, the defendants registered at the motel under fictitious names and paid a week's rent in advance. After the two men departed near the end of the week, apparently without formally checking out, it was found that the television set which had been in the room was missing. As a result of routine police inquiries at pawnshops the set, identified by serial number, was discovered in the possession of Kenny Gross, who surrendered it to the police.

Kenny, who was still in school, was a part-time employee in his uncle's pawnshop in North Little Rock. He testified that on the afternoon of August 1 the defendants came to the shop to find out if they could pawn a television set without producing any identification. Kenny told them that something such as a driver's license or social security card would be required. The defendants were unwilling to do business on that basis.

Kenny then became interested in buying the set for himself, not knowing, so he says, that such a transaction was contrary to his uncle's rules. That night Kenny met the defendants at a friend's apartment and bought the set for $55, although he knew it was worth several hundred dollars. He testified that although he was not actually told that the set was stolen, ''I had a good idea in the back of my mind, but I was just so . . . carried away with getting a TV set for my room for $55.00 that I just—.'' The next day Kenny, upon his father's advice, reported the incident to his uncle, who told the police about it when they made inquiries.

The case is governed by our holding in *Murphy* v. *State,* 130 Ark. 353, 197 S.W. 585 (1917), which is exactly in point. There a department store employee stole merchandise and sold it at very cheap prices to Cynthia

Carmichael, who denied having known that it was stolen. The jury, however, might not have believed her. There, as here, the court refused to give an instruction submitting the theory that Cynthia was an accomplice of the defendant. The case being one of first impression, we reviewed the authorities and concluded that the instruction should have been given. From the opinion: "The opinions on this subject are more or less abstruse and deal with learning more or less ancient, but without attempting to review all these cases, we announce our conclusion to be that the receiver of stolen goods and the thief from whom he received them are accomplices within the meaning of section 2384 of Kirby's Digest [our present statute], which provides that a conviction can not be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense." That case was followed in *Hester* v. *State,* 149 Ark. 625, 233 S.W. 774 (1921), and *Long* v. *State,* 192 Ark. 1089, 97 S.W. 2d 67 (1936).

A new trial being necessary, we add that we do not agree with the appellants' other contentions—either that the evidence was insufficient to support the verdict or that the court should have instructed the jury that Kenny Gross was an accomplice as a matter of law.

Reversed.

HARRIS, C.J., and JONES, J., dissent.

J. FRED JONES, Justice. I do not agree with the majority that the trial court erred in its refusal to give defendants' requested instruction No. 6, as follows:

"A conviction may not be had upon the testimony of an accomplice unless it is corroborated by such other evidence as shall tend to connect the defendants with the commission of the offense.

To render a person an accomplice he must in

some manner knowingly and with criminal intent aid and abet or have advised and encouraged the commission of the criminal act charged."

The trial court also refused defendants' requested instruction No. 5 which was as follows:

"You are instructed that the witness, Ken Gross, under the law, and facts as developed in this case, is an accomplice."

It is my view that defendants' requested instruction No. 6 would only have been proper if No. 5 should have been given, and to have given instruction No. 5 would have, in my opinion, constituted gross error under the facts of this case. As I interpret the effect of the majority opinion, a trial court must always give the accomplice instruction upon request, at any time one who receives stolen property testifies against the thief, regardless of the circumstances under which the witness received the property and regardless of any other facts and circumstances in the case.

The appellants were on trial for stealing a television set. They had a right not to testify, but in exercising that right the testimony against them stood uncontradicted. Had appellant contradicted any of the evidence offered against them, then perhaps the question of accomplice should have been submitted to the jury. As I view the evidence in this case, Ken Gross had nothing whatever to do with stealing the television set and the appellants did not contend, or even infer, that he did. There was simply no point in submitting that question to the jury under the testimony in this case.

I distinguish this case on the facts from the case of *Murphy* v. *State*, 130 Ark. 335, 197 S.W. 585, cited as precedent in the majority opinion. In the *Murphy* case the appellant was employed at the Blass department

store.    The prosecuting witness for some time, had been assisting the appellant in disposing of articles of merchandise which he had stolen.    When the prosecuting witness learned that appellant had been accused of larceny, and that a search was being made for goods which had been stolen, she hid certain of the stolen articles, and when they were found in her possession, she admitted that she had obtained them from appellant. She testified, however, that she sold goods for appellant at very cheap prices, he having reported to her that he was able to obtain goods at the wholesale price.    The appellant denied that the prosecuting witness had obtained goods from him at all, thus leaving a question of fact as to whether the appellant or the witness had stolen the goods, and certainly leaving a question of accomplice.

The instruction requested and refused in the *Murphy* case told the jury that if the prosecuting witness knew when she received the goods that they were stolen, she was an accomplice, and that a conviction could not be had upon her testimony unless it was corroborated by other evidence tending to show that appellant had committed the crime charged.

In the case at bar the witness, Ken Gross, explained how he came in possession of the television set, and states:

"I don't know if they [appellants] had any [documentary evidence of identification]. It turned out that they didn't want to pawn it, so I inquired about buying it for myself, which was wrong of me. It is against store policy.    It was wrong, but at the time I didn't know it was wrong, and so I inquired about purchasing it for myself away from the store.    * * * The next day I was talking to my father about it and he thought it best that I tell my uncle in case something did happen.    I think it was two days later, Lt. Smith of the North Little Rock Police was inquiring about a stolen TV, so my uncle

had to tell them that I had bought one that he knew nothing about. We turned the set over to him the next day.''

Detective Lt. Tucker testified:

"I received a call from Square Deal Pawn Shop in regard to a TV and we recovered it from Ken Gross, an employee. We carried it to Room 35 of the Broadway Motel where it was identified.''

On cross-examination, Detective Tucker testified that the television set was never registered on the pawn shop police register; that the television set was reported missing at 1:50 p.m. on August 2, 1967, and that he subsequently talked to James McCaa.

Summarizing the evidence as to the prosecuting witness being an accessory to the theft of the television set in this case, the witness, a school boy, was working in his uncle's pawn shop part-time. The appellants inquired about pawning a television set. After being informed that some evidence of identification was necessary, they decided not to pawn the television set. The witness did not know whether they had the required evidence of identification or not. The witness inquired about an outright purchase of the television set. Outright purchases at the pawn shop were against pawn shop rules so arrangements were made by the witness and the appellants to meet at the apartment of McCaa, another pawn shop employee, where the television set was demonstrated by the appellants and it was purchased by Gross for $55 which he considered to be a bargain price. When young Gross told his father of his bargain, his father advised him to tell his uncle at the pawn shop about the transaction, which young Gross did. According to Detective Tucker, he received a call from the pawn shop in regard to the television set and recovered it from the witness Gross.

I find no evidence in this case that young Gross was an accessory to the theft of the television set, his explanation of its possession was logical and uncontradicted. In the *Murphy* case, supra, the prosecuting witness hid the merchandise when she learned that a search would be made. In the case at bar the prosecuting witness made known to his father and uncle, and through them to the police, that he had purchased the merchandise from the appellants before he had any reason to suspect that it had been stolen, except for its bargain price and the appellants' inquiry as to identification requirement before pawning.

Under the uncontradicted evidence in this case, I find no evidence whatever from which the jury could have found that Ken Gross in some manner knowingly and with criminal intent aided and abetted or advised and encouraged the commission of the criminal act charged against the appellants, as defined in appellants' requested instruction No. 6. The uncontradicted evidence is to the contrary and I would affirm the judgment of the trial court.

HARRIS, C.J., joins in this dissent.