Alfred Wilson BREWER *v.* STATE of Arkansas

CR 77-33                                    551 S.W. 2d 218

Opinion delivered June 6, 1977
(Division I)

*Loh & Massey,* by: *Howard C. Yates,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty
Gen., for appellee.

GEORGE ROSE SMITH, Justice. On August 9, 1976
Harold Woolverton reported the theft of a welding set, con-
sisting of an electric welder, a converter for the welder, and
two welder's helmets. After a prompt recovery of the property
the appellant Brewer was charged with theft by receiving
Ark. Stat. Ann. § 41-2206 (Crim. Code 1976). Upon trial
without a jury he was found guilty and was sentenced to five
years' imprisonment, three being suspended. For reversal he
argues that the verdict cannot be sustained without the
testimony of J. H. Wells, an accomplice as a matter of law
and that the chain of custody of the welding set did not ex-
clude the possibility of tampering.

We reject the first contention, because Wells was not an accomplice as a matter of law. Officer Epperson testified that before this particular theft he had information that Brewer had previously brought stolen items to Wells, a mechanic and garageman. The officer asked Wells to buy anything that Brewer brought to him and promised to reimburse Wells for his outlay.

Woolverton, who had seen the welding set on Sunday afternoon, reported its theft on Monday. On that same Monday morning Brewer offered such a welding set to Wells, who bought it in the belief that it had been stolen. Wells reported the purchase to Officer Epperson, who picked up the set on Tuesday. It is now argued that Wells, in purchasing stolen property, became an accomplice as a matter of law. *McCabe and Willhite* v. *State*, 245 Ark. 769, 434 S.W. 2d 277 (1968).

The principle of that case is not controlling, because Wells was, or could be found to have been, acting in cooperation with the police. Such a paid informer is not an accomplice as a matter of law. As Underhill points out, "one who is given money by an officer, or by a city, to make a purchase of intoxicating liquors in order to obtain evidence of a violation of the law is not an accomplice." Underhill, Criminal Evidence, § 175 (5th ed., 1956). The reason for the exception is that such a decoy does not have the true accomplice's motive for seeking to shift the blame to someone else. When Wells's testimony is considered along with that of Officer Epperson, there was an issue of fact with regard to Wells's being an accomplice.

Upon the second point, when an object is subject to positive identification, proof of the chain of custody need not be as conclusive as it should be with respect to interchangeable items, such as blood samples or drugs. Casenote, 30 Ark. L. Rev. 344 (1976). Woolverton, the owner of the welding set, positively identified the welder by a decal which he had put on it and which was included in the description he gave to the sheriff's department. He identified the converter by a piece of tape that had a screw under one corner and that had been partially removed, taking some paint off. He identified one of the helmets by an attached

magnifying glass and the other by some rust on it. His identification, which the court must have accepted, was so positive and detailed as to be virtually conclusive. In the circumstances the minor discrepancies in the chain of custody which the appellant complains of did not affect the admissibility of the welding set, the effect of the discrepancies being for the court. *Rogers* v. *State*, 258 Ark. 314, 524 S.W. 2d 227 (1975).

Affirmed.

We agree. HARRIS, C.J., and HOLT and ROY, JJ.