Howard Lee NASH *v.* STATE of Arkansas

CA CR 79-77                                    591 S.W. 2d 670

Opinion delivered December 12, 1979
Released for publication January 9, 1980

*Kenneth C. Coffelt,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. The appellant was charged with a felony for delivery of a controlled substance, heroin, in violation of Ark. Stat. Ann. § 82-2617. At the end of trial before the court, without a jury, he was found guilty as charged and punishment fixed at 10 years imprisonment with 7 years suspended and 5 of those years on probation.

For the first point of reversal appellant contends the court erred in admitting in evidence an envelope and contents which allegedly was the substance purchased from appellant by a narcotics detective, Mr. Hanna, of the Little Rock Police Department. Mr. Hanna testified in substance that he asked appellant on May 23, 1978 if he could supply him with some heroin. Appellant said he could supply him with two $50.00 packages. The appellant left and returned in a few minutes with two tinfoil packets containing a brown powder and the witness paid appellant $100.00. Upon returning to the office the witness "paramedically" [sic] sealed the substance in an envelope, and placed the date and his initials thereon. He recognized the envelope offered as State's Exhibit 1 as the same envelope. The envelope now contains a tinfoil packet and a glass bottle containing a brown powder substance.

Mr. Morris, a Federal narcotics officer, testified in substance that he saw Officer Hanna initial and seal the envelope and after also initialing it the witness mailed it the next day by registered mail, return receipt requested, to the Drug Enforcement Administration Analytical Laboratory, Miami, Florida, and the receipt was later returned; that he later received the envelope in a sealed condition by registered mail on March 9, 1979; that when returned, the envelope contained one foil packet and one bottle containing a brown powder substance; and that the envelope appeared

substantially in the same condition as when mailed. The witness brought the envelope marked State's Exhibit 1 to court.

Mr. Kisser, a chemist for the Drug Enforcement Administration testified in substance that he recognized State's Exhibit 1 and that his name and date appeared on the bottom of the envelope; that when he received the envelope on May 30, 1978 it was sealed and the seal did not appear to be disturbed; that it contained two tinfoil packets containing brown powder; he cut the packet open, removed and analyzed the substance; that when he finished he placed the powder in a bottle and put it and the remaining exhibit back into the envelope and put his seal thereon and heat sealed the envelope. That the powder consists of 1.0 percent heroin hydrochloride and other drugs. The witness returned the envelope to the evidence custodian and the envelope appears still intact. When mail comes into the office at Miami the evidence custodian generally takes charge of it, delivers the paper work to the witness' supervisor, the supervisor assigns the paper work to the witness and the witness obtains the evidence from the evidence custodian; the witness is the second one that takes custody of the evidence. The evidence custodian is Larry Robins, and he is not present in court.

Counsel for appellant moved to strike the evidence and contended a proper foundation had not been laid for receiving the evidence and that the witnesses were unable to testify as to a complete chain of custody. Appellant also moved for a directed verdict of acquittal.

From the evidence the trial judge was warranted in concluding there was little likelihood the exhibit had been tampered with and absent evidence indicating tampering the ruling of the trial judge should not be reversed. There was a complete absence of any evidence suggesting or indicating that the evidence had been tampered with. Minor uncertainties in the chain of custody of physical evidence do not render the evidence inadmissible as a matter of law. *Gardner* v. *State,* 263 Ark. 739, 569 S.W. 2d 74 (1978); *Wickliffe* v. *State,* 258 Ark. 544, 527 S.W. 2d 640 (1975).

After the judge had found the appellant guilty as

charged, sentencing was passed for ten days and appellant and the State were afforded opportunity to place whatever background information might be helpful in fixing the sentence. At sentencing, the judge announced he had received letters from the College Station Progressive League, the Urban League of Greater Little Rock, Leadership Roundtable Association, the E.O.A. and the Arkansas Black Caucus on behalf of appellant and that on the other hand he had received a memorandum from the Little Rock Police Department and one from the Department of Justice, both indicating files in their office showing information from confidential sources linking the appellant to distribution of heroin. The judge offered to show these reports to counsel for appellant and announced he was going to take into consideration the favorable reports on behalf of appellant, and stated he recognized the information from the Police Department and the Department of Justice as hearsay. No objection was made at sentencing to the consideration of the background information in connection with sentencing.

Several days after sentencing appellant filed a motion for a new trial and alleged error in admitting the testimony of the chemist and State's Exhibit 1, and error in the court considering background information furnished the trial judge by the Police Department and the Department of Justice incident to sentencing. The motion was overruled and on appeal appellant contends the trial court erred in failing to grant a new trial.

Ark. Stat. Ann. § 41-804 authorizes the trial court to order a pre-sentence investigation before imposing sentence and provides that the investigation may be conducted by a pre-sentence officer or other persons designated by the court and that the investigation should include an analysis of the circumstances surrounding the commission of the offense, the defendant's history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation, personal habits and any other matters that the investigator deems relevant to the court or the court directs to be included. See also Rule 36.4.

If the background information had been placed before

the trial court before the finding of guilty we would agree with appellant it would be serious error. However, as is indicated by § 41-804, it is proper for the court to consider numerous relevant factors incident to the fixing of punishment, and the record does not demonstrate appellant's constitutional rights are infringed by the background information placed before the court in connection with sentencing. It is pointed out in *A.B.A. Sentencing Alternatives and Procedure* 206, (approved Draft 1971) that a pre-sentence investigation report should be available to the judge before sentencing.

Before pronouncing the sentence, the court informed appellant, as required by Ark. Stat. Ann. § 41-804 (4), of the content of the information presented by the State. The appellant made no objection and did not request an opportunity to controvert the information. As is noted in the comment under § 41-804, the defendant does not have the right to confront the witnesses against him on matters incident to sentencing. See *Nolan* v. *State,* 265 Ark. 764, 580 S.W. 2d 957 (1979).

Finding no reversible error, we affirm.