Joe GUINN *v.* STATE of Arkansas

CR 96-209                                    917 S.W.2d 529

Supreme Court of Arkansas
Opinion delivered March 4, 1996

*Stephen E. Kirk*, for appellant.

No response.

PER CURIAM. Joe Guinn asks for a rule on the clerk. He alleges that we should grant the rule because he was misled by a prosecuting attorney and a member of a Drug Task Force, and, as a result, did not timely perfect his appeal. We deny the motion.

According to movant's affidavit, the judgment of conviction was entered on February 24, 1995, he filed a motion for a new trial on April 7, 1995, and he filed a *pro se* Notice of Appeal on May 5, 1995.

A motion for a new trial must be filed within ten days after the entry of the judgment, Ark. R. Civ. P. 59, and a notice of appeal must be taken within thirty days from the entry of the judgment, Ark. R. App. P. 4(a). Here, the motion for a new trial was not filed within ten days and is of no effect, and the notice of appeal was not filed within thirty days. Thus, on the surface, the clerk correctly refused to allow appellant to file the record in this case.

Movant alleges, however, that the record was tendered late because he was misled by judicial district officials. However, the allegation is not material to the failure to timely file the notice of appeal. He alleges that he was misled "[s]oon after filing my Notice of Appeal." Consequently, even if he were misled, it occurred after he filed his notice of appeal; therefore, it had nothing to do with the untimely filing of his notice of appeal. We deny the motion for a rule on the clerk.