Keith CRISCO *v.* STATE of Arkansas

CR 96-713                                        943 S.W.2d 582

Supreme Court of Arkansas
Opinion delivered May 5, 1997

[Supplemental opinion on granting of rehearing issued
June 9, 1997.]

*Paul Petty*, for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Keith Crisco appeals his judgment of conviction for delivery of methamphetamine and his sentence for 20 years on two grounds: (1) failure to prove authenticity of the evidence and a proper chain of custody; and (2) insufficiency of the evidence. We agree that the State failed to prove that the drug tested was properly authenticated, and we, therefore, reverse and dismiss.

At trial, undercover police officer Samuel Hanes testified that on September 22, 1994, he purchased a bag of what he believed to be methamphetamine from Crisco for $100 in Cabot. After receiving the bag, he placed it in a sealed envelope and put it in his safe in his home. About a month later, he sent the bag to the State Crime Lab for analysis.

On August 3, 1995, Crisco was charged with delivery of methamphetamine. At the ensuing trial on January 4, 1996, the prosecuting attorney sought to establish the chain of custody for the substance purchased from Crisco. Officer Hanes testified that he put the substance in a plastic bag, initialed the bag, and placed the bag inside a manilla envelope and then put the case number, date of offense, description of the contents, type of offense, and the name of the suspect on the envelope. He attached the Evidence Submission Form to the manilla envelope. The Evidence Submission Form described the substance as "One Bag of Off White Powder Substance."

On October 21, 1994, the State Crime Lab received the package from Officer Hanes. On January 11, 1995, a report was issued by Michael Stage, forensic chemist, in which he described the substance analyzed as "One (1) triangular piece of plastic containing a tan rock-like substance (0.310 gram)." Stage identified the substance as methamphetamine. The evidence was transmitted back to the Lonoke County Sheriff's Department, where it remained in the office safe until the day before trial.

Chief Deputy Sheriff Woody McCuen testified that he received the manilla envelope involving Crisco from the State Crime Lab and put it in the safe at the Lonoke County Sheriff's Department. He testified that the envelope he placed in the safe was the same envelope introduced into evidence at trial. Over objection of the appellant based on lack of authenticity, the trial court received the envelope into evidence. Forensic chemist Michael Stage then testified that he recognized the envelope, his initials, the date, and the lab number which he put on the seal on

the bag when he finished his analysis. He testified on cross-examination that the plastic bag containing the methamphetamine was inside at least two envelopes.[1] Stage testified on cross-examination that methamphetamine ordinarily did not change colors and that he would not have described the substance as "off-white powder."

Defense counsel then objected to the introduction of the envelope again on the basis that there had been no testimony that the drug analyzed was the substance sent by Officer Hanes to the State Crime Lab. The prosecutor refused to recall Officer Hanes to identify the substance analyzed by the forensic chemist but argued that the deputy sheriff's identification of the envelope was sufficient. The trial court agreed. Crisco was found guilty of delivery of methamphetamine and sentenced to 20 years' imprisonment.

## I. Timely Notice of Appeal

Though the parties have not raised the issue of the timeliness of the notice of appeal, we do so on our own motion because the issue pertains to subject-matter jurisdiction. On January 5, 1996, judgment was entered in this case. Nineteen days later on January 24, 1996, Crisco filed a motion for new trial based on faulty chain of custody. On February 26, 1996, the trial court denied Crisco's motion. On March 25, 1996, Crisco filed his notice of appeal. The deemed-denied date for the motion was February 23, 1996. Crisco had until March 24, 1996, to file his notice of appeal and that date fell on a Sunday, which gave him until March 25, 1996.[2] If the motion for new trial was timely filed, the appeal is properly before us.

The motion for new trial was timely. Under former Rule of Criminal Procedure 36.22, a motion for new trial "must be filed prior to the time fixed to file a notice of appeal."[3] *Bowen v. State*, 322 Ark. 483, 911 S.W.2d 555 (1995); *Smith v. State*, 301 Ark. 374, 784 S.W.2d 595 (1990); *Banning v. State*, 43 Ark. App. 106, 861 S.W.2d 119 (1993). That period, of course, is thirty days. Ark. R. App. P.—Crim. 2(a). *See also Bowen v. State, supra* (citing Ark. R. App. P. 4).

---

[1] The chemist's testimony indicates that the substance may have been enclosed in a third envelope.

[2] 1996 was a leap year.

[3] Effective January 1, 1996, Rule 36.22 was recodified at Ark. R. Crim. P. 33.3.

We take this opportunity to correct *obiter dictum* in two decisions that indicates that the motion for a new trial in a criminal case must be filed within ten days of entry of judgment. *See Guinn v. State*, 323 Ark. 612, 917 S.W.2d 529 (1996)(per curiam); *Fuller v. State*, 316 Ark. 341, 872 S.W.2d 54 (1994). The correct time period is 30 days as Rule 36.22 (now Rule 33.3) makes clear.

## II.  Sufficiency of the Evidence

Crisco contests the sufficiency of the evidence, but we conclude this issue is not preserved for our review. At the close of the State's case, Crisco moved for a directed verdict on the premise that the State had not proven a *prima facie* case. We have held that such a motion is not sufficiently specific to preserve the issue for our review. *Gray v. State*, 327 Ark. 113, 937 S.W.2d 639 (1997). *See also* Ark. R. Crim P. 33.1; *Walker v. State*, 318 Ark. 107, 883 S.W.2d 831 (1994). The same holds true in the case at hand.

## III.  Chain of Custody

Crisco complains that the chain of custody in this case was insufficient because the methamphetamine was easily interchangeable and because the varying descriptions of the substance raised an inference that a break occurred somewhere along the chain. He specifically points to Officer Hanes's testimony that the drug was an off-white powder substance, while the forensic chemist described the drug as a tan, rock-like substance. In sum, Crisco argues that the trial court abused its discretion in allowing into evidence an exhibit that was not properly authenticated.

The purpose of establishing chain of custody is to prevent the introduction of evidence that has been tampered with or is not authentic. *Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997); *Lee v. State*, 326 Ark. 229, 931 S.W.2d 433 (1996); *Harris v. State*, 322 Ark. 167, 907 S.W.2d 729 (1995). *See also* Ark. R. Evid. 901. The trial court must be satisfied within a reasonable probability that the evidence has not been tampered with, but it is not necessary for the State to eliminate every possibility of tampering. *Newman v. State, supra; Lee v. State, supra; Harris v. State, supra; Gardner v. State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render the evidence inadmissible as a matter of law. *Gardner v. State, supra; Nash v. State*, 267 Ark. 870, 591 S.W.2d 670 (Ark.

App. 1979). We have stated that the proof of the chain of custody for interchangeable items like drugs or blood needs to be more conclusive. *Lee v. State, supra; Gardner v. State, supra; Brewer v. State,* 261 Ark. 732, 551 S.W.2d 218 (1977).

Crisco relies primarily on *Munnerlyn v. State,* 264 Ark. 928, 576 S.W.2d 714 (1979), to support his thesis that the chain of custody was insufficient. In *Munnerlyn,* the appellant was convicted of selling methamphetamine, and he complained on appeal about the irregularities in the custody chain. He contended that the prosecutor should have presented testimony, in addition to chain-of-custody evidence, that the drugs introduced at trial were the actual drugs sold by the appellant. We disagreed and traced the possession of the envelope containing the drugs. We further noted that tampering had not been suggested by the defendant and that the circumstances of the case did not suggest a significant possibility of tampering. Thus, we held that the trial court had not abused its discretion.

In the case before us, Crisco hinges his contention of lack of authenticity on the fact that Officer Hanes's description of the drugs differed significantly from that of the chemist, Michael Stage, in color and consistency. In fact, the chemist admitted that he would not have described the substance as off-white powder. Crisco's point has merit. True, there was no obvious break in the chain of custody of the envelope containing the plastic bag or conclusive proof that any tampering transpired. Yet, the marked difference in the description of the substance by Officer Hanes and the chemist leads us to the conclusion that there is a significant possibility that the evidence tested was not the same as that purchased by Officer Hanes. *See Munnerlyn v. State, supra.* This is especially so when we consider that the drug involved is a readily interchangeable substance. *Lee v. State, supra.* Under these circumstances, where the substance at issue has been described differently by the undercover officer and the chemist, we believe the State was required to do more to establish the authenticity of the drug tested than merely trace the route of the envelope containing the substance.

■ We hold that the trial court abused its discretion by receiving a substance into evidence that was not properly authenticated.

Reversed and dismissed.