Larry STEPHENSON *v.* STATE of Arkansas

CR 98-120                                   975 S.W.2d 830

Supreme Court of Arkansas
Opinion delivered October 15, 1998

*Lori A. Mosby*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

DAVID NEWBERN, Justice. On June 24, 1996, Larry Stephenson allegedly sold cocaine to a police officer accompanied by a confidential informant. On July 31, 1996, Mr. Stephenson was allegedly seen in possession of cocaine and drug paraphernalia.

He was convicted and sentenced as an habitual offender to life imprisonment for delivery of a controlled substance and to thirty years' imprisonment for possession of a controlled substance. Ark. Code Ann. § 5-64-401 (Repl. 1997). He was also sentenced to thirty years' imprisonment for possession of drug paraphernalia. Ark. Code Ann. § 5-64-403 (Repl. 1997). The sentences are to be served concurrently. Mr. Stephenson argues that the evidence was insufficient to support a finding of guilt as to any of the three counts. We hold that the evidence was sufficient to support the judgment.

Detective Randy Howard of the Pulaski County Sheriff's Office testified that on June 24, 1996, he and a confidential informant had information that a man nicknamed "Pops" was selling crack cocaine out of an abandoned house just off of Roosevelt Road. Detective Howard stated that when he and the confidential informant pulled up to a house on Center Street, they were approached by Mr. Stephenson. The informant told Mr. Stephenson that he wanted $100 worth of crack cocaine and gave $100 to Mr. Stephenson. According to Detective Howard, Mr. Stephenson then rode away in a Cadillac and returned shortly thereafter and handed over a piece of paper containing what Detective Howard believed was crack cocaine.

Detective Howard testified further that on July 31, 1996, he and Detective Sims went to the same Center Street house to serve Mr. Stephenson with an arrest warrant. When they arrived, Mr. Stephenson walked toward their vehicle and dropped something out of his left hand. Detective Howard retrieved from the ground a matchbox containing suspected crack cocaine and a ceramic smoking device.

Kathy Shanks, a chemical analyst, testified that the substance that Mr. Stephenson sold to the confidential informant and Detective Howard was "cocaine base and benzococaine" weighing .6876 grams. She testified that the matchbox contained "cocaine base" weighing .3276 grams. She stated that the pipe contained burnt residue and cocaine and benzococaine.

Mr. Stephenson moved for a directed verdict as to charge of delivery of a controlled substance. He argued that because (1) the

police reports had two different addresses listed for Mr. Stephenson and one report did not include a description of him, (2) the police did not check the Cadillac license to see if it belonged to Mr. Stephenson, and (3) the officers did not transcribe the tape recordings of the drug buy, the evidence was not sufficient.

Mr. Stephenson also moved for a directed verdict as to the charge of possession of cocaine and drug paraphernalia. His contention was that police reports in the case had been prepared by Keith Martin, a former sheriff's department officer who had been in charge of the case who had relied on reports by Officer Howard that were inconsistent with respect to the address of the house on Center Street. The directed-verdict motions were denied.

When we review a challenge to the sufficiency of the evidence, we affirm if there is substantial evidence to support the judgment viewed in the light most favorable to the State. *See Freeman v. State*, 331 Ark. 130, 131-32, 959 S.W.2d 400 (1998). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resort to speculation or conjecture. *Id.*

Detective Howard's eyewitness accounts of the events of June 24 and July 31, 1996, constitute evidence sufficient to sustain the convictions. Mr. Stephenson argues that, prior to June 24, 1996, the only description the officers had was a black man known as "Pops." He questions Detective Howard's ability to identify him on July 31, 1996, as the result of the detective having seen Mr. Stephenson only on June 24, 1996. Detective Howard's identification of Mr. Stephenson at the trial was emphatic, and one eyewitness's testimony is sufficient to sustain a conviction. *Rawls v. State*, 327 Ark. 34, 937 S.W.2d 637 (1997). The evidence of the passage of time between the two incidents goes to the officer's credibility, and that is solely within the province of the jury to determine. *Jones v. State*, 326 Ark. 61, 931 S.W.2d 83 (1996).

Mr. Stephenson characterizes the evidence of his possession of the matchbox containing the controlled substance and the pipe as "circumstantial." He argues that the neighborhood where he was apprehended on July 31, 1996, is "drug infested,"

thus suggesting that the items might have been dropped on the ground by some other person. The evidence was not circumstantial. Officer Howard testified he saw Mr. Stephenson drop the matchbox and the pipe.

The record has been reviewed in accordance with Ark. Sup. Ct. Rule 4-3(h), and no erroneous rulings prejudicial to Mr. Stephenson have been discovered.

Affirmed.