Charles McCHRISTIAN, Jr. *v.* STATE of Arkansas

CA CR 99-1302                              20 S.W.3d 461

Court of Appeals of Arkansas
Division II
Opinion delivered July 5, 2000

*William R. Simpson, Jr.*, Public Defender, and *Tim Blair*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. Charles McChristian, Jr., was convicted in a bench trial of possession of a controlled substance, cocaine, and was sentenced as a habitual offender to sixty months in the Arkansas Department of Correction. His attorney filed a motion to withdraw on the grounds that the appeal has no merit; pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Ark. Sup. Ct. R. 4-3(j) (1999), his motion was accompanied by a brief including an abstract and an argument section that addresses all rulings adverse to appellant at trial. The clerk of this court furnished a copy of counsel's brief to appellant. Appellant then filed a *pro se* brief, and the State filed a brief responding to appellant's arguments.

Appellant's counsel notes that the trial court ruled adversely to appellant regarding the sufficiency of the evidence, admissibility of certain evidence, and sentencing. Appellant argues in his *pro se*

brief that cocaine admitted into evidence at trial was inadmissible because the chain of custody was not established and because there were differences in an officer's testimony and the crime lab report regarding the substance. We find the arguments to be without merit.

## Sufficiency of the Evidence

■ ■ Under Ark. Code Ann. § 5-64-401 (Supp. 1999), it is unlawful for any person to possess a controlled substance except as authorized by the code. On appeal of criminal cases, whether tried by a judge or jury, we review the evidence in the light most favorable to the State and affirm if there is any substantial evidence to support the trial court's judgment. *Ryan v. State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990). Substantial evidence is forceful enough to compel a conclusion one way or the other without resort to suspicion or conjecture; in determining the sufficiency of the evidence, this court need consider only the evidence most favorable to appellee and testimony that supports the verdict of guilty. *Hall v. State*, 315 Ark. 385, 868 S.W.2d 453 (1993). Determination of credibility is solely within the province of the fact-finder. *Stephenson v. State*, 334 Ark. 520, 975 S.W.2d 830 (1998).

In the present case, Officer Singleton of the North Little Rock Police Department testified that while he was on patrol, appellant approached him to discuss a matter; that Singleton determined through a computer check that there was an arrest warrant outstanding for appellant; that Singleton conducted a pat-down search for weapons but did not check appellant's shoes; and that Singleton placed appellant, who was not handcuffed, into the back seat of the patrol car. Singleton also testified that he saw appellant's hand move down to his shoe and saw a Baggie fly from his hand to the floorboard, about eight inches from his foot; that Singleton removed appellant from the car and retrieved the Baggie; and that the Baggie contained about six rocks of what appeared to be crack cocaine. Singleton further testified that he took the evidence to the NLRPD's property room to be sent to the crime lab; that he put it inside a property envelope, which he marked and tagged as he normally did by covering the back with evidence tape, initialing through the tape, and signing at the bottom. Investigator Tim Willis testified that in his work with the narcotics division of the NLRPD,

he picked up the envelope from the property room and took it to the state crime lab; that the evidence was assigned a lab number; and that he had brought to court a certified copy of the lab report. The report, which was admitted into evidence, includes the item description "one (1) plastic bag containing a hard off-white rock-like substance (0.441 gram)," and shows the test results "cocaine base."

■ The above testimony of the police officers and the lab report constitute substantial evidence that appellant possessed cocaine. Thus, the evidence was sufficient to support appellant's conviction for possession of cocaine.

### Admissibility of the Evidence

Appellant objected twice at trial to admission of State's Exhibits Nos. 1-3, which were, respectively, the Baggie of cocaine, the marked property envelope, and the state crime laboratory report. The first objection was to the chain of custody; the second was on the basis "that Officer Singleton testified that the drugs that he recovered were six individual rocks in a small Baggie, where the lab report is saying 'one plastic bag containing a hard off-white rock-like substance.' That's substantially different from what Officer Singleton is saying he recovered."

Officer Singleton testified that he marked and tagged the bag of suspected contraband, which he identified at trial as State's Exhibit No. 1, after seizing it from his patrol car; that he put it into a property envelope, which he identified as Exhibit No. 2, and placed it in the property room. Investigator Willis identified Exhibit No. 2 as the property envelope that he transported from the property room to the state crime lab, and he identified Exhibit No. 3 as the certified copy of the corresponding lab report. Their testimony sufficiently established the chain of custody for the three items.

■ Regarding Officer Singleton's and the lab report's different descriptions of the contraband, appellant relies upon *Crisco v. State*, 328 Ark. 388, 943 S.W.2d 582, *supp. op. on reh'g*, (1997). In *Crisco* an officer testified that he had purchased a substance from the defendant, had put the substance into a plastic bag, and had placed the bag inside a manilla envelope to which he attached an evidence

submission form. The form described the substance as "one bag of off white powder substance," but the state crime lab's report described it as "one triangular piece of plastic containing a tan rock-like substance (0.318 gram)." The *Crisco* court stated:

> The purpose of establishing chain of custody is to prevent the introduction of evidence that has been tampered with or is not authentic. *Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997); *Lee v. State*, 326 Ark. 229, 931 S.W.2d 433 (1996); *Harris v. State*, 322 Ark. 167, 907 S.W.2d 729 (1995). See also Ark. R. Evid. 901. The trial court must be satisfied within a reasonable probability that the evidence has not been tampered with, but it is not necessary for the State to eliminate every possibility of tampering. *Newman v. State, supra; Lee v. State, supra; Harris v. State, supra; Gardner v. State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render the evidence inadmissible as a matter of law. *Gardner v. State, supra; Nash v. State*, 267 Ark. 870, 591 S.W.2d 670 (Ark. App. 1979). We have stated that the proof of the chain of custody for interchangeable items like drugs or blood needs to be more conclusive. *Lee v. State, supra; Gardner v. State, supra; Brewer v. State*, 261 Ark. 732, 551 S.W.2d 218 (1977).

328 Ark. at 392, 943 S.W.2d at 584-85. The *Crisco* court, holding that the State failed to prove that the drug tested was properly authenticated, reversed the conviction for delivery of methamphetamine.

■ Here, the substance in question was identified by the officer who retrieved it as "six rocks" of what appeared to be crack cocaine, while the chemist's report described it as "a hard off-white rock-like substance." While in the *Crisco* case there was a difference in descriptions of the color and texture of the substance (white powder substance versus tan rock-like substance), here the difference is only in a specific number of rocks versus a reference to "a hard off white rock-like substance." We view differences in these descriptions, at most, as conflicts in evidence properly weighed by the finder of fact rather than as a failure to prove the authenticity of the cocaine. Furthermore, there were no allegations of tampering. Thus, the State sufficiently established the chain of custody. It is not necessary that the State eliminate every possibility of tampering; instead, the trial court must be satisfied that in all reasonable

probability the evidence has not been tampered with. *See Pryor v. State*, 314 Ark. 212, 861 S.W.2d 544 (1993).

## Sentencing

█ The final ruling adverse to appellant was the court's decision to sentence him to five years rather than to the minimum of three years. The five-year sentence was within the range of possible sentences for this offense, and appellant had an extensive criminal record that the court was allowed to consider. If the sentence fixed by the trial court is within legislative limits, we are not free to reduce it absent three extremely narrow exceptions: 1) the punishment resulted from passion or prejudice; 2) it was a clear abuse of discretion; or 3) it was so wholly disproportionate to the nature of the offense as to shock the moral sense of the community. *Henderson v. State*, 322 Ark. 402, 910 S.W.2d 656 (1995). Because none of these exceptions apply in this case, any argument regarding the length of the sentence is without merit.

Motion granted; conviction affirmed.

ROBBINS, C.J., and KOONCE, J., agree.