David Carroll GOODWIN *v.* STATE of Arkansas

CR 99-1192                                    27 S.W.3d 397

Supreme Court of Arkansas
Opinion delivered September 28, 2000

*Teri L. Chambers*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant David Carroll Goodwin, an inmate in the Arkansas Department of Correction, was charged with furnishing a prohibited article in violation of Ark. Code Ann. § 5-54-119 (Repl. 1997). He was convicted in Izard County Circuit Court of the lesser charge of possession of a controlled substance in a detention facility in violation of Ark. Code Ann. § 5-64-401(F) (Supp. 1999). He was sentenced to an additional term of six years' imprisonment, to be served consecutive with his current term. Goodwin sets forth two points for reversal: (1) that the State failed to adequately prove the chain of custody involving the marijuana introduced at trial; and (2) that the trial court erred in instructing the jury that possession of marijuana is a lesser-included offense of furnishing a prohibited article. This case was certified to us from the Arkansas Court of Appeals as requiring clarification or development of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5) and (d)(1). We find no error and affirm.

The record reflects that on February 9, 1998, Jerry Landreth, an officer at the North Central Unit of the Arkansas Department of Correction, was making a check in the barracks when he noticed Goodwin carrying an eyeglass case. Landreth took the case from Goodwin, and when he opened it, two small packages fell out. The packages contained a total of 0.152 grams of marijuana. According to Landreth, he turned over the packages containing the marijuana to Sergeant Kelly Hatman that same day. Hatman testified that once he received the items from Landreth, he locked them in the evidence room at the back of the penitentiary for about an hour until the warden arrived. Hatman then locked the items in the warden's evidence locker. Officer Gary Poland testified that he is in charge of the warden's evidence locker and maintains the log of its contents. According to Poland, the marijuana seized from Goodwin was placed in the evidence locker on February 10, 1998, where it remained until February 18, when Officer Tommy Cleveland from the Arkansas State Police took possession of it. Cleveland then delivered the marijuana to the Arkansas State Crime Lab on February 23, 1998. The marijuana was tested and remained at the State Crime Lab until the day before Goodwin's trial when Cleveland retrieved it from the Crime Lab.

## I. *Chain of Custody*

For his first point on appeal, Goodwin argues that the trial court erred in allowing the State to introduce the marijuana at trial because the State failed to establish a sufficient chain of custody. Specifically, Goodwin argues that there was a break in the chain of custody from the time it was given to Sergeant Hatman and the time it was secured in the evidence locker. He points to the fact that Hatman testified that he locked the marijuana in the evidence locker on February 9, the same day it was received; however, Officer Poland testified that his log showed that the items were not locked in the evidence locker until February 10.

■ This court has consistently held that the purpose of establishing a chain of custody is to prevent the introduction of evidence that has been tampered with or is not authentic. *Crisco v. State*, 328 Ark. 388, 943 S.W.2d 582 (1997); *Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997); *Lee v. State*, 326 Ark. 229, 931 S.W.2d 433 (1996); *see also* Ark. R. Evid. 901. The State is not required to eliminate every possibility of tampering with the evidence; rather, the trial court must be satisfied within a reasonable probability that there has been no tampering. *Crisco*, 328 Ark. 388, 943 S.W.2d 582; *Newman*, 327 Ark. 339, 939 S.W.2d 811.

■ Here, there was testimony from officers of the correctional facility that they consistently maintained custody of the items once they were seized from Goodwin. Those same officers also testified that the marijuana introduced at trial was in substantially the same condition as it was when they originally took possession of it. The fact that there is a one day discrepancy between when Officer Hatman stated that he locked the evidence in the locker and when the log showed that it was placed in the locker is not enough to establish a break in the chain of custody. Minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render the evidence inadmissable as a matter of law. *Crisco*, 328 Ark. 388, 943 S.W.2d 582; *Gardner v. State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

■ We also disagree with Goodwin's assertion that the present situation is analogous to that in *Crisco*, 328 Ark. 388, 943 S.W.2d 582. There, the description of the substance seized was completely different from the way it appeared when analyzed by a chemist at

the State Crime Lab. On appeal, this court held that the State had failed to sufficiently establish the chain of custody. This court recognized that proof of the chain of custody for interchangeable items like drugs or blood needs to be more conclusive. *Dansby v. State*, 338 Ark. 697, 1 S.W.3d 403 (1999); *Crisco*, 328 Ark. 388, 943 S.W.2d 582. In this case, however, there is no assertion that the substance introduced at trial differed in appearance or content from the substance seized from Goodwin. Moreover, there are no allegations of any tampering with the marijuana. The State established a sufficient chain of custody over the marijuana; thus, Goodwin's argument is without merit.

## II. Lesser-Included Offense

For his second point on appeal, Goodwin argues that the trial court erred in instructing the jury that possession of marijuana is a lesser-included offense of furnishing a prohibited item. During the trial, Goodwin argued that possession was a totally different charge, and that because the information only charged him with furnishing a prohibited article, the State could not request an instruction on possession. Goodwin contended these were two different types of crimes because one was found under the heading of obstructing governmental operations, while the other is found under the heading of controlled substances. The State argued that possession is a lesser-included offense because in order for one to be able to furnish something, they must first possess it. The trial court agreed with the State and instructed the jury on the lesser-included offense. The jury ultimately found Goodwin guilty of the lesser-included offense of possessing marijuana in a detention facility.

■ This court has consistently held that an offense must meet three criteria to be considered a lesser-included offense: (1) it must be established by proof of the same or less than all the elements of the greater offense; (2) it must be of the same generic class as the greater offense; and (3) it must differ from the greater offense based upon degree of risk to persons or property or upon grades of intent or culpability. *See Byrd v. State*, 337 Ark. 413, 992 S.W.2d 759 (1999); *McElhanon v. State*, 329 Ark. 261, 948 S.W.2d 89 (1997); *Brown v. State*, 325 Ark. 504, 929 S.W.2d 146 (1996); *Thompson v.*

*State*, 284 Ark. 403, 682 S.W.2d 742 (1985).[1]

██ As set out below, all three criteria are met here. First, the proof required to establish the offense of possession of marijuana is the same as the proof required to establish the offense of introducing a prohibited article into a correctional facility. Specifically, one cannot furnish a controlled substance without exercising some degree of dominion, control, and management over it. Ark. Code Ann. § 5-1-102(15) (Supp. 1999). *See also Whitener v. State*, 311 Ark. 377, 843 S.W.2d 853 (1992) (possession of a controlled substance is a lesser-included offense of delivery of a controlled substance). The second criteria requires that the offenses be of the same generic class. Here, the offense of possessing marijuana in a correctional facility and the offense of furnishing a prohibited article are of the same generic class in that they both involve the possession of items prohibited by law within a correctional facility. Indeed, Ark. Code Ann. § 5-54-101(10)(B) (Repl. 1997) provides that a controlled substance is a prohibited article within the meaning of the statute. Finally, there must be a distinction between the offenses based upon grades of intent or degrees of culpability. Furnishing a prohibited article is a Class B felony, while possession of a controlled substance in a correctional facility is a Class D felony. Accordingly, because each of the criteria for lesser-included offenses has been established, Goodwin's argument on this point is without merit.

Affirmed.

BROWN, J., concurs.

ROBERT L. BROWN, Justice. I would also affirm this case on the lesser-included offense point, but I would do so on the basis of the statute (Ark. Code Ann. § 5-1-110(b) (Repl. 1997)), and not the following cases cited in the majority opinion:

> *Byrd v. State*, 337 Ark. 413, 992 S.W.2d 759 (1999); *McElhanon v. State*, 329 Ark. 261, 948 S.W.2d 89 (1997); *Brown v. State*, 325 Ark.

---

[1] We recognize that there is a possible inconsistency between our case law and the provisions of Ark. Code Ann. § 5-1-110 (Repl. 1997). This issue has not been raised or briefed by either party; rather, both parties base their arguments on the long-standing case law announced by this court. Because neither party has had the benefit of briefing this issue, we do not address it. We would, however, be inclined to address the issue when it is properly raised and briefed by parties in the future.

504, 929 S.W.2d 146 (1996); *Thompson v. State*, 284 Ark. 403, 682 S.W.2d 742 (1985).

My reason for this is simple. Our cases require that the three criteria cited in the majority opinion *all* be met while § 5-1-110(b) speaks in the disjunctive and provides that an offense qualifies as lesser included if only one of the factors is met. Our case law erroneously construes § 5-1-110(b), and for that reason I would not rely on it.