## Toni NEEDHAM v. STATE of Arkansas

CA CR 80-26               ____ S.W. 2d ____

Court of Appeals of Arkansas
Opinion delivered September 3, 1980
Supplemental Opinion on Petition for
Rehearing delivered October 1, 1980

*E. Alvin Schay*, State Appellate Public Defender, by: *Deborah Davies Cross*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The only question presented by this appeal is whether the decision of the court in revoking the appellant's probation was clearly against the preponderance of the evidence. The parties seem to agree upon the evidentiary standard which must be met for revocation. Their disagreement is with respect to whether the evidence before us meets that standard. We find that it does and thus we affirm.

The appellant was placed on probation on October 29, 1979, as a result of having been accused of six counts of "obtaining a controlled substance by fraud." In each of the counts the substance described was a drug called Talwin. The probation was for a period of three years conditioned upon the good behavior of the appellant and the payment of a fine.

The state petitioned to revoke the appellant's probation, alleging that on November 7, 1979, she again committed the offense of obtaining a controlled substance by fraud by altering a prescription for Talwin, increasing the number of tablets and number of refills specified on the pescription, and passing it to a pharmacy. The appellant admitted, at the revocation hearing, that she had given the prescription in question to the pharmacist. She claimed, however, that she had legitimately obtained the prescription for the use of her daughter, and she claimed that her husband had altered the prescription without her knowledge. There is no doubt the prescription was issued by a physician who testified he had made it for a "small amount" of ten pills for the use of the appellant's daughter whom he had treated for a urinary infection. The prescription as he issued it provided for no refills. As it appeared when it was given to the pharmacist, it provided for 40 pills and two refills.

The appellant testified she had left the prescription at her home prior to having it filled, and that not only had her husband had an opportunity to make the alteration but that he had admitted to her that he had done it. However, the appellant's husband, after asserting his right not to incriminate himself in response to some questions he was asked

at the hearing, ultimately testified he had never seen the prescription in question.

The standard for review is not in doubt. In *Pearson* v. *State*, 262 Ark. 513, 558 S.W. 2d 149 (1977), our Supreme Court made it clear we should require the appellant to show the court's finding was clearly against the preponderance of the evidence. See, *Ark. Stat. Ann.*, §41-1208 (Repl. 1977). The appellant, as noted earlier, seems to concede that this is the standard we must apply, however, she cites cases, *e.g., Smith* v. *State*, 264 Ark. 874, 575 S.W. 2d 677 (1979); *Ayers* v. *State*, 247 Ark. 174, 444 S.W. 2d 695 (1969), dealing with the amount of circumstantial evidence necessary to support a finding of guilt.

Despite our unwillingness to be persuaded by the appellant's citations, we must seriously consider her claim that the evidence presented in this case was not sufficient for revocation. We find the trial court thoughtfully reviewed the evidence before him. His serious review of the appellant's evidence and factual theory was demonstrated by his remarks in which he said he regretted having to revoke the appellant's probation and that, if the appellant could somehow prove that her husband had altered the prescription rather than she, she would be able to do so before she had to be incarcerated. Although the evidence was circumstantial, the court's decision was not clearly against the preponderance of the evidence.

Affirmed.

Supplemental opinion on Petition for Rehearing
October 1, 1980

Per Curiam. Rehearing is granted and the case remanded to the trial court to hear a motion based upon newly discovered evidence. In the event no such motion is made in the trial court within twenty days from the date of this supplemental opinion, the revocation of probation is affirmed in accordance with our opinion in this case of September 3, 1980.