2009 Ark. App. 729

**Michelle Lee INGRAM, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–102.**

Court of Appeals of Arkansas.

Nov. 4, 2009.

Erwin L. Davis, Fayetteville, for appellant.

Dustin McDaniel, Att'y Gen., by: Valerie Glover Fortner, Ass't Att'y Gen., for appellee.

M. MICHAEL KINARD, Judge.

Michelle Lee Ingram appeals from the revocation of her probation on the underlying charge of forgery in the second degree.

Upon revocation, appellant was sentenced to five years' imprisonment. For reversal, appellant argues that her due-process rights were violated at the revocation hearing, that the court failed to place her under oath at the hearing, and that the court erred in sentencing her because there was no evidence against her. We affirm.

Appellant pleaded guilty to forgery in the second degree,[1] and she was sentenced to three years' probation in an order filed January 31, 2006. She was ordered to pay $150 in court costs, $500 in restitution to Benton County, and $2,677.65 in victim restitution at a rate of $55 per month, which included a $5 monthly collection fee. Conditions of appellant's probation included that she not use any controlled substance, that she submit to random drug tests, that she report as directed to her supervising officer, that she maintain gainful employment at all times, and that she pay restitution in regular monthly payments.

Appellant has had a series of problems complying with the conditions of her probation. The State first filed a revocation petition on February 5, 2007, alleging that appellant had tested positive for methamphetamine on several occasions; marijuana was found at her house during a home visit; she refused to submit to drug testing on two occasions; failed to report as directed to her probation officer; failed to maintain stable employment; failed to complete the substance abuse class recommended by her probation officer; failed to pay fines, fees, and costs as ordered by the court; and failed to notify her supervising officer of a residence change. An affidavit by appellant's probation officer regarding the alleged violations was filed the same day. An order filed February 7, 2007,

---

1. Pursuant to Ark.Code Ann. § 5–37–201, for-        gery in the second degree is a Class C felony.

indicates that appellant admitted the violations. Appellant was ordered to report and take drug tests weekly. A hearing was set for March 12, 2007.

The record reflects that appellant did not appear on March 12, and a summons was issued for her to appear on March 26, 2007. Appellant appeared on March 26 and again on May 14, 2007. On August 13, 2007, the court dismissed the State's petition to revoke, noting that appellant had "reported clean since February."

The State filed another petition for revocation on June 10, 2008, alleging that appellant had failed to report to her probation officer or pay probation fees as ordered. An affidavit from appellant's probation officer was also filed. A hearing was set for September 2, 2008, and appellant "called in—very sick." The hearing was reset for September 8, and appellant appeared on that date with her attorney and admitted the violations. Appellant explained her violations by stating that she had complications from pregnancy and caregiving responsibilities for a mother-in-law with advanced Alzheimer's disease and five children, making it impossible for her to report during business hours. The court declined to revoke her probation at that time, and another hearing was set for November 10, 2008. The State filed an amended petition for revocation on September 17, 2008, alleging that appellant had failed to report to her probation officer as ordered; failed to pay fines, fees, costs, and probation fees as ordered; failed to maintain employment; and had misled the court during the September 8, 2008 hearing by stating that she was currently employed at On the Border restaurant. Attached were the following three exhibits: (1) an affidavit of appellant's probation officer, which stated that appellant had only reported twice since her last revocation hearing and that appellant was currently $525 in arrears and had not made a payment since October 2006; (2) a payment ledger; and (3) a letter from a corporate investigator at Brinker International stating that appellant had not worked for On the Border since she was investigated for "unusual activity" (suspected theft) in late July 2008 and terminated after she admitted to various policy violations.

The State filed a second amended petition for revocation of appellant's probation on October 9, 2008. In this petition, the State alleged that appellant had failed to report as directed to her probation officer (referencing the affidavit filed June 10, 2008); that she had failed to pay probation fees as ordered by the court (referencing the affidavit filed June 10, 2008); that she had failed to maintain stable employment (referencing Exhibit C of the State's amended petition filed September 17, 2008); that she "misled" the court on September 8, 2008, when she stated that she was currently employed at On the Border restaurant in Rogers working 50+ hours per week, when in fact she had not been employed there since July 25, 2008 (referencing Exhibit C of the State's amended petition filed September 17, 2008); and that on September 23, 2008, she attempted to falsify/adulterate a drug test.

The revocation hearing was held on October 27, 2008. At the hearing, the court began by reading the State's petition and asking whether appellant admitted or denied the alleged violations. As to the failure-to-report violation, appellant admitted that she had missed three meetings but asserted that she had telephoned several times during that time period. As to the failure to pay, appellant admitted that she had failed to pay probation fees and attempted to explain it by saying that her probation officer told her she did not have

to pay until the end of probation. As to the failure-to-maintain-employment allegation, appellant denied that she intentionally misled the court during the previous hearing. The allegation of attempting to falsify a drug test was discussed, and then a recess was taken so that the judge could review the transcript of the September hearing. Following the recess, the judge stated that appellant had lied to him in the September hearing when she told him that she was working at On the Border when in fact she had not worked there in months. The court asked if there was anything appellant wished to say before he pronounced sentence, and appellant was then given the opportunity to testify. Following her testimony, the State introduced into evidence the written account of the incident in which the vial of yellow liquid was found on appellant at the jail. The court revoked appellant's probation and sentenced her to five years in the Department of Correction, with credit for forty-five days served. Appellant filed a timely notice of appeal.

In a probation-revocation hearing, the State must prove its case by a preponderance of the evidence. *Haley v. State*, 96 Ark. App. 256, 257–58, 240 S.W.3d 615, 617 (2006). A trial court may revoke a defendant's probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation. Ark.Code Ann. § 5-4-309(d) (Supp.2009); *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Haley, supra.* When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient

for the revocation of probation or suspended sentence. *Id.* Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Id.*

For her first argument on appeal, appellant contends that her due-process rights were violated because she was denied a hearing before the court announced that it would sentence her, the court failed to require the State to present testimony or evidence, the court failed to hold the State to its burden of proof, the court found her guilty in the absence of any evidence advanced by the State, and the court heard the case at the arraignment on a second amended petition to revoke probation. The State is correct in this case when it argues that these due-process arguments are not preserved for appellate review. Appellant never objected or raised a due-process argument below. Even constitutional arguments must be raised to the trial court in order to be preserved for appellate review. *See, e.g., Cheshire v. State*, 80 Ark. App. 327, 95 S.W.3d 820 (2003).

Even if the argument were preserved, it would fail. Here, appellant admitted to more than one violation. Through her attorney, appellant admitted that she "missed three meetings" with her probation officer, that she failed to make payments as ordered, and that she had not been employed in months. There is no need for the State to introduce further evidence where the defendant admits to the alleged violations. Furthermore, only one violation is necessary for the revocation of probation or suspended sentence. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004). Appellant admitted to three violations.

■ For her second point on appeal, appellant contends that the trial court erred in failing to place her under oath prior to her statement before the court and instead merely stating that she was under oath. Again, this argument is not preserved for appellate review |₁because appellant failed to raise it below. If the merits were reached, we would still affirm on this point. Appellant cites Arkansas Rule of Evidence 603, which requires that every witness shall be required to declare that he will testify truthfully. However, the Rules of Evidence do not apply to revocation proceedings. Ark. R. Evid. 1101(b)(3). Furthermore, appellant fails to persuade us that she suffered prejudice as a result.

■ For her third and final point, appellant challenges the sufficiency of the evidence supporting the revocation decision. Under the standard of review outlined above, the evidence was sufficient for the circuit court to revoke appellant's probation. Appellant admitted to more than one violation, and her own admission amounts to substantial evidence to support the revocation. While appellant offered excuses for her violations, the trial judge was not required to believe her or excuse her failure to comply with the conditions of her probation. *See, e.g., Jones v. State*, 52 Ark. App. 179, 916 S.W.2d 766 (1996). In fact, the circuit court gave very little weight to appellant's explanations, stating that it was "almost impossible . . . to believe anything" she said. We defer to the fact-finder on issues of credibility. *McChristian v. State*, 70 Ark. App. 514, 20 S.W.3d 461 (2000). We hold that the trial court's findings are not clearly against the preponderance of the evidence.

Affirmed.

ROBBINS and HENRY, JJ., agree.