

Cite as 2013 Ark. App. 619

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-533

| | | |
|---|---|---|
| RODOLFO SOTO | | **Opinion Delivered** OCTOBER 30, 2013 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2009-213] |
| STATE OF ARKANSAS | | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

## DAVID M. GLOVER, Judge

On June 22, 2009, appellant Rodolfo Soto pleaded guilty to Class C felony non-support. He was placed on seven years' supervised probation and was ordered to pay court costs, a $250 fine, $15,125 in restitution, and various fees. On August 29, 2012, the State filed a petition for revocation of probation, alleging that Soto had failed to pay fines, restitution, costs, and fees as directed; to report as directed; to pay probation fees; and to notify the sheriff and probation office of his current address and employment; it also alleged that he had moved from his approved residence without permission. Following a hearing, the trial court revoked Soto's probation and sentenced him to four years in a regional punishment facility, to be followed by a six-year suspended imposition of sentence.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967),[1] and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals, Soto's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Soto made by the trial court on all objections, motions, and requests made by either party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Although the clerk of this court furnished Soto with a copy of his counsel's brief and notified him of his right to file pro se points, Soto has filed no points.

At the revocation hearing, Amy Peyton, who collects fines and fees for the Crittenden County Sheriff's Department, testified that Soto was ordered to pay a $250 fine, $770 in costs, and $15,125 in restitution, to be paid at the rate of $195 per month thirty days after his release from jail. Peyton stated that Soto had paid a total of $460 and had not contacted her with any information as to why he had not been paying, where he had been working, or where he was living. Angela Brandstetter, the general secretary over felony records at the sheriff's office, then testified that Soto was released from the county jail on October 16, 2009, and that he was to begin making payments thirty days after release.

Constance Brown, Soto's probation officer, testified that Soto had last reported for

---

[1] We note that counsel cites the proper rule, Rule 4–3(k), in his brief, but he makes no mention of *Anders*, the seminal case with regard to what is required to be included in criminal no-merit briefs. As a caveat, counsel should both acquaint himself with the framework found in *Anders* for no-merit criminal briefs and include the *Anders* citation in his brief.

probation on December 19, 2011, and that she had filed a violation report on August 22, 2012. Brown also stated that, at the time she filed the violation report, Soto was behind on probation fees in the amount of $383, and that her records reflected Soto was not working.

Soto testified in his own defense. He stated that when his probation began, he was working at an apartment complex as a painter. While he admitted that he had agreed to pay $195 per month on his financial obligations, he said that the job did not pay much, he had to pay for food, and he had eventually lost his job. Soto testified that he had difficulty finding work due to his felony conviction. He stated that he did not report for probation after December 2011 because he was trying to find work and "put off" reporting in the hope that he would be able to make enough money to become current on his payments.

The trial court found that Soto had violated the terms and conditions of his probation by failing to pay his fines, costs, fees, and restitution. It further found that Soto had failed to report. The trial court then revoked Soto's probation and sentenced him to four years in a regional punishment facility, with an additional six-year suspended imposition of sentence.

The only adverse ruling in this case is that the trial court found sufficient evidence to revoke Soto's probation. A sentence of probation may be revoked when a trial court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. *Denson v. State*, 2012 Ark. App. 105. The State need only show that the defendant committed one violation to sustain a revocation. *Maxwell v. State*, 2010 Ark. App. 822. Great deference is given to the trial court in determining the preponderance of the evidence because the trial judge is in a superior position to determine the credibility

3

SLIP OPINION

of witnesses and to determine the weight to be given to their testimony. *Denson, supra.* The appellate courts will not reverse a revocation unless the decision is clearly against the preponderance of the evidence. *Denson, supra.*

Soto admitted that he was behind in his payments and that he had not reported for probation since December 2011. While he offered excuses for the violation of his probation, the trial court was not required to believe him or excuse Soto's failure to comply with the conditions of his probation. *See, e.g., Ingram v. State*, 2009 Ark. App. 729, 363 S.W.3d 6. The evidence before the trial court was sufficient to support the revocation of Soto's probation.

From our review of the record and the brief presented to this court, we conclude that appellant's counsel has complied with the requirements of Rule 4-3(k) of the Arkansas Rules of the Supreme Court and the Court of Appeals and that the appeal is without merit. Counsel's motion to be relieved is granted and Soto's conviction is affirmed.

Affirmed; motion to be relieved granted.

WYNNE and VAUGHT, JJ., agree.

*C. Brian Williams*, for appellant.

No response.