SLIP OPINION     Cite as 2015 Ark. App. 624

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–361

| | |
|---|---|
| | **Opinion Delivered** November 4, 2015 |
| TERRELL ALEXANDER BASS<br>APPELLANT | APPEAL FROM THE CRITTENDEN<br>COUNTY CIRCUIT COURT<br>[NO. CR–2013-503] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN N.<br>FOGLEMAN, JUDGE |
| | AFFIRMED |

## M. MICHAEL KINARD, Judge

Appellant Terrell Bass appeals from the revocation of his probation. He argues that he did not inexcusably fail to report to his probation officer as directed. We affirm.

On April 14, 2014, appellant pleaded guilty to aggravated assault and was sentenced to four years' probation. On October 21, 2014, the State filed a petition to revoke appellant's probation, alleging, among other violations, that appellant had failed to report to his probation officer as directed. At the revocation hearing, Antonio Banks testified that he had become appellant's probation officer on September 17, 2014. Appellant had previously reported to Officer Green, but he never reported to Officer Banks after coming under his supervision. Banks testified that he spoke with appellant by telephone on September 15, 2014, and appellant told him that he had not been reporting because his father had died. In their phone conversation, appellant agreed to report on September 26, but he did not appear on that date. Thereafter, Banks was unsuccessful in his attempts to reach appellant by phone.

On October 6, 2014, Banks and Green conducted a home visit at the address in appellant's file. Appellant's mother told them that she had not seen appellant in months and that she did not know his whereabouts. Banks left an appointment slip for appellant to report on October 7, but he did not report.

Appellant testified that he reported to Green from April through August. He acknowledged speaking with Banks on September 15 and setting up an appointment, but he said that he failed to report after August because his father was dying and he had to take care of his father's affairs. On cross-examination, appellant testified that he did report to the probation office on September 26, but he had the name of his probation officer mixed up and asked to see a Mr. Brown instead of Banks. At the conclusion of the hearing, the trial court found that appellant had inexcusably violated the terms and conditions of probation by failing to report to his probation officer as directed. He was sentenced to four years' imprisonment.

A trial court may revoke a defendant's probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation. *Ingram v. State*, 2009 Ark. App. 729, 363 S.W.3d 6. The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Id*. When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id*. Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Id*.

Appellant argues that there was no proof that he inexcusably failed to report to his probation officer *as directed* because Banks was not yet his probation officer when the September 26 appointment was scheduled. Appellant contends that there was no evidence that he knew Banks was his probation officer on September 26, and he claims that he attempted to meet with Green, who was his probation officer at the time the appointment was scheduled. Appellant also argues that there was no proof that he had any notice of the October 7 appointment.

While appellant offered excuses for his violations, the trial judge was not required to believe him or excuse his failure to comply with the conditions of his probation. *Ingram*, *supra*. On direct examination, appellant claimed that he missed reporting because he was dealing with his father's death. It was not until cross-examination that he claimed he actually did report to the probation office when scheduled but did not meet with his probation officer. Even if Banks was not yet his probation officer on the day they spoke, appellant acknowledged in his testimony that he was directed to report, and Banks was officially his probation officer by the time of the appointment. The trial court was not required to believe appellant's contention that he did report but did not see Banks because he had his name confused. Furthermore, appellant still did not report after Banks called him, left him messages, and visited his home. The trial court's findings are not clearly against the preponderance of the evidence. Thus, we affirm the revocation of appellant's probation.

Affirmed.

VIRDEN and HOOFMAN, JJ., agree.

3



*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Courtnie Holt*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.