Cite as 2016 Ark. App. 328



# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–786

| | |
|---|---|
| | **OPINION DELIVERED** JUNE 22, 2016 |
| LACRESHA N. PUGH–HAYES<br>APPELLANT | APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT,<br>[NO. CR–2005–82–1] |
| V. | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REBRIEFING ORDERED |

**ROBERT J. GLADWIN, Chief Judge**

On September 11, 2006, in the Bradley County Circuit Court, appellant Lacresha Pugh–Hayes pled guilty to violating the Arkansas hot check law. She was granted probation for a period of ten years, with five years supervised and five years unsupervised. Appellant was charged with committing the offense of third degree domestic battery on or about March 6, 2014. On August 25, 2014, appellant again appeared before the Bradley County Circuit Court and pled guilty to the domestic-battery charge. Her sentencing was deferred for twelve months, with the term ending on August 25, 2015, if she strictly complied with the ordered conditions.

The State initially filed a petition to revoke on September 4, 2012, alleging that appellant was in violation because she failed to report as required; failed to pay supervision fees; failed to pay court costs; and failed to pay restitution. An order to show cause was

issued the same day. On August 28, 2014, the trial court rescinded the order to show cause and allowed appellant to continue making payments.

The State filed new petitions to revoke with amended violation reports on February 12, April 2, and May 22, 2015. The hearing on July 20, 2015, was the final hearing regarding allegations of violating her probation terms. On July 20, 2015, the trial court found that appellant was in violation of the probation terms, revoked her probation, and sentenced appellant to six years in the Arkansas Department of Correction.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Hayes's counsel filed a motion to withdraw, arguing that an appeal in this case is wholly without merit. This type of motion must be accompanied by an abstract and a brief referring to everything in the record that might arguably support an appeal, including all motions, objections, and requests decided adversely to appellant, as well as a statement of reasons why none of those rulings would be a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k). Hayes was provided with a copy of her counsel's brief and was notified of her right to file a list of points on appeal within thirty days, but she has not done so.

Hayes's counsel states in her brief that there were only two adverse rulings at the revocation hearing—the revocation itself and appellant's request for two weeks to surrender into custody. However, our review of the record reveals that appellant filed multiple pleadings pro se subsequent to the revocation hearing that were neither ruled on by the circuit court nor addressed by Hayes's counsel. Based on these omissions, we order rebriefing in accordance with *Anders*, *supra*, and Rule 4-3(k).

Additionally, we note that these postrevocation pleadings, which include a motion for rehearing, a motion for release on bond for emergency consideration, and a motion for discovery are not included in the addendum. Rule 4–2(a)(8) (2015) of the Arkansas Supreme Court and Court of Appeals requires that an addendum contain all the relevant orders, pleadings, documents, and exhibits in the record that are essential to an understanding of the case.

Based on the above, we order rebriefing and allow Hayes's counsel thirty additional days in which to file a substituted brief, abstract, and addendum to cure any and all deficiencies. Ark. Sup. Ct. R. 4–2(b)(3).

Rebriefing ordered.

HOOFMAN and BROWN, JJ., agree.

*Margo D. Warner*, for appellant.

No response.