# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–15–786

| | |
|---|---|
| LACRESHA PUGH-HAYES | **OPINION DELIVERED:** FEBRUARY 1, 2017 |
| APPELLANT | APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT [NO. 06CR-05-82-1] |
| V. | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## ROBERT J. GLADWIN, Judge

This is the second time this no-merit appeal is before us. On June 22, 2016, we ordered rebriefing. *Pugh-Hayes v. State*, 2016 Ark. App. 328. Pugh-Hayes has filed a new brief that includes in the substituted addendum the motion for rehearing, the motion for release on bond for emergency consideration and accompanying affidavit, a document entitled "Findings and Order" filed by the trial court on July 24, 2015, and the request for hearing and accompanying affidavit in support.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) (2016) of the Rules of the Arkansas Supreme Court and Court of Appeals, Pugh-Hayes's counsel has filed a motion to withdraw, arguing that an appeal in this case is wholly without merit. This type of motion must be accompanied by an abstract and brief referring to everything in the record that might arguably support an appeal, including all motions, objections, and requests

decided adversely to Pugh–Hayes, and a statement of reasons why none of those rulings would be a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k).

We have been informed via a memo dated December 12, 2016, from the office of the clerk of this court, that on September 28, 2016, Pugh–Hayes was provided with a copy of her counsel's brief and motion to withdraw on appeal and was notified of her right under Rule 4-3(k) (2016) of the Rules of the Arkansas Supreme Court and Court of Appeals to file a list of points on appeal. This was sent to Pugh–Hayes's last-known address at the Arkansas Department of Correction (ADC), and the green card certified mail return receipt was signed for and returned by Amanda Barnett on September 29, 2016. ADC returned the package to the clerk's office labeled "Paroled" and "Unable to Forward" on October 26, 2016. Pugh–Hayes's counsel was contacted, and she stated that she had no further contact information for Pugh–Hayes. A second attempt to mail the packet was made on November 1, 2016. The green card was signed for and returned by Donna Jones on November 2, 2016. The packet was again returned to the clerk's office on November 14, 2016, marked "Paroled" and "Unable to Forward," and Pugh–Hayes's counsel confirms no additional contact information has been provided for Pugh–Hayes at this time.

I. *Facts and Procedural History*

On September 11, 2006, Pugh–Hayes appeared before the Bradley County Circuit Court and entered a negotiated plea of guilty to violation of the Arkansas Hot Check Law. She was sentenced to a total of ten years' probation, five supervised and five unsupervised.

On or about March 6, 2014, Pugh–Hayes committed the offense of third-degree domestic battery. On August 25, 2014, Pugh–Hayes again appeared before the Bradley

County Circuit Court and entered a plea of guilty to that charge. Her sentencing was deferred for twelve months, to end on August 25, 2015, in exchange for her strict compliance with the ordered conditions.

Previously, the State had filed a petition for revocation on September 4, 2012, alleging that Pugh-Hayes was in violation because she failed to report as required; failed to pay supervision fees; failed to pay court costs; and failed to pay restitution. An order to show cause was issued that day, but on August 28, 2014, the trial court rescinded the order to show cause and allowed Pugh-Hayes to continue making payments.

The State filed new petitions to revoke with amended violation reports on February 12, 2015, April 2, 2015, and May 22, 2015. The hearing on July 20, 2015, was the final hearing held regarding allegations of violating her probation terms. At that time, the trial court found that Pugh-Hayes was in violation of the probation terms, revoked her probation, and sentenced her to six years in the ADC.

Following the revocation, Pugh-Hayes filed the following pleadings: (1) motion for rehearing on revocation of probation and/or imposition of suspended sentence; (2) motion for release on bond for emergency consideration with affidavit in support; (3) motion for discovery; and (4) request for hearing with affidavit in support. The certificates of service for these motions were not complete, and the record is void of any proof as to whether any of these motions were served as required. Thirty days after filing these motions, the trial court had not made a ruling, and the motions were deemed denied. Pugh-Hayes filed her timely notice of appeal on August 14, 2015.

## II. *Standard of Review*

The standard of review in this matter is whether a preponderance of the evidence supports the trial court's finding. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004). After a thorough review of the records addressing the petition for revocation, counsel found no objections that were raised by Pugh-Hayes during the hearing, and no adverse rulings in the record provide a meritorious basis for this appeal. The adverse rulings were the trial court's revocation order of July 20, 2015, a request by Pugh-Hayes for additional time to surrender herself into custody, and two postconviction motions. The trial court revoked Pugh-Hayes's probation, but neither granted nor denied her request for more time to surrender or her other motions. Counsel treats those motions as if they were denied for purposes of this brief.

## III. *Discussion of Adverse Rulings*

### A. July 20, 2015 Revocation of Pugh-Hayes's Probation

The petition on which the revocation was based was amended several times during this case. The last amended violation report for revocation alleged seven violations. In support of those allegations, the State requested that the trial court take judicial notice of the following evidence: (1) judgment and disposition order, which included the restitution ledger; (2) conditions of probation; (3) guilty-plea statement from September 11, 2006; (4) findings and order from March 1, 2013; and (5) findings and order from March 25, 2013. There were no objections from Pugh-Hayes.

The State also elicited the testimony of Stephanie Harris, who worked for Arkansas Community Corrections Probation and Parole, Monticello Office. Ms. Harris testified to each alleged violation and explained the evidence to support each violation. According to

Ms. Harris, officers made home visits on January 27, 2015, March 19, 2015, and May 11, 2015, and the officers were advised that Pugh-Hayes did not reside there. Pugh-Hayes failed to report a change of residence and was found to not reside at her last-known address. Pugh-Hayes neither objected nor controverted that evidence.

Ms. Harris also testified that Pugh-Hayes had tested positive for marijuana on October 9, 2014, December 4, 2014, January 8, 2015, and February 19, 2015. On cross-examination, Pugh-Hayes admitted having used marijuana because it helped her feel better.

Ms. Harris testified that Pugh-Hayes left the state of Arkansas without a written travel pass. Ms. Harris explained that she learned that Pugh-Hayes was present in Greeneville, Mississippi, at Harlow's Casino and that she observed Pugh-Hayes there. Ms. Harris stated that during the time she observed Pugh-Hayes at the casino, Pugh-Hayes was drinking an alcoholic beverage. Further, she explained that when she spoke to Pugh-Hayes, Pugh-Hayes admitted that she was consuming alcohol. On cross-examination, Pugh-Hayes admitted having been at the casino but denied that she had been consuming alcohol.

Pugh-Hayes neither objected nor controverted additional evidence presented by Ms. Harris regarding the alleged failure-to-report violation. She also failed to controvert the testimony of her supervising officer, Adam Barnes, regarding her employment and community-service issues. Finally, Pugh-Hayes was unable to refute evidence presented by Caril Susanne Eck, who works with the Bradley County Sheriff's Office to maintain ledgers for individuals who have accounts there based on what they have been ordered to pay. Ms. Eck testified that the opening balance for Pugh-Hayes in this case in 2012 was $1,834.31 plus court costs and that Pugh-Hayes had made six payments toward her account. On the day of the hearing, the balance due was more than the initial balance; it was $1,924.31.

Pugh-Hayes testified that she had worked in Houston and made some payments; however, Pugh-Hayes produced no evidence to refute the outstanding balance or to prove that she was in compliance.

Considering the evidence and testimony presented, we agree with counsel that Pugh-Hayes raised no arguable claims that would support a successful appeal. The State's petition was based on seven violations of Pugh-Hayes's probation, and Pugh-Hayes openly admitted committing two violations. Namely, she admitted having been present at the casino in Mississippi and that she smoked marijuana, which admissions support the revocation. *See Ingram v. State*, 2009 Ark. App. 729, 363 S.W.3d 6 (holding that there was no need for the State to introduce further evidence when the appellant admits to alleged violations). Furthermore, only one violation is necessary for the revocation of probation or a suspended sentence. *Id.*

Here, in addition to Pugh-Hayes admitting two violations, there were no objections to the evidence presented. The State bears the burden of proof and need prove only one violation of a probationary conviction in order for this court to affirm. *See Haley v. State*, 96 Ark. App. 256, 240 S.W.3d 615 (2006). Because Pugh-Hayes corroborated the State's proof on two violations, the revocation is affirmed.

B. Request for Two Weeks to Surrender Into Custody

At the end of the hearing and following sentencing, Pugh-Hayes requested two weeks to prepare herself for incarceration. The trial court did not rule against her but explained that she could discuss it with the "high elected sheriff" and that the trial court would consider his recommendation. We agree with counsel that this ruling, even if considered an adverse ruling, does not provide a basis for a meritorious appeal.

C. Motion for Rehearing and Request for Rehearing

Following the revocation, Pugh-Hayes filed two motions, a motion for rehearing on revocation of probation and/or imposition of suspended sentence and a request for rehearing. Both motions are, in effect, motions for a new trial, which Pugh-Hayes filed on July 22, 2015. Pugh-Hayes asserted several bases to support a new trial, but counsel urges that both motions are fatally flawed because they do not appear to actually have ever been served. Pursuant to Arkansas Rule of Criminal Procedure 33.3(a) (2016), the motions must be served on the ". . . representative of the prosecuting party." The entire record is void of evidence as to whether they were served. If service occurred, there are no filed responses in the record, and the trial court never ruled on them. After thirty days, both motions were deemed denied and, as such, are adverse rulings by operation of law.[1]

Although it appears that neither motion was ever served, if the merits of those motions were to be considered as a basis for appealing this conviction, there would be no evidence to support a finding that the trial court abused its discretion by failing to hold a new trial. Pursuant to *Brooks v. State*, 76 Ark. App. 164, 61 S.W.3d 916 (2001), Pugh-Hayes would need to set out new evidence in her motion that was not available during the initial trial. Pugh-Hayes does not point to any new evidence; however, she seems to have been seeking a second chance to argue using the same evidence. Pugh-Hayes claims that several factors would justify a new trial.

First, she claims a constitutional violation whereby the trial court lacked jurisdiction to impose a suspended sentence and probation against her. Pugh-Hayes is mistaken; the trial

---

[1] The record does not reflect the filing of an amended notice of appeal regarding these motions.

court did not impose both a suspended sentence and probation. Therefore, counsel submits that her argument that the trial court is prohibited from doing so does not apply to her if that would indeed be a constitutional violation. Pugh-Hayes's sentencing order clearly designates that the sentence is for probation. Again, in the postconviction motions, she alleges no new evidence regarding this issue; this sentencing order and its alleged flaws existed at the time of the trial.

Second, Pugh-Hayes states that she should not have been convicted for infractions committed during her unsupervised-probation period. Again, counsel claims that she is mistaken. The conditions of probation do not support this claim. The conditions of probation clearly outline prohibited behavior; but, they do not support her claim that the prohibited acts are allowed regarding this issue. The conditions of probation and any alleged flaws existed at the time of trial.

Third, Pugh-Hayes claims that she cannot be sent to prison based on her inability to pay. Pugh-Hayes's trial counsel raised the issue of her inability to pay. Pugh-Hayes raises no new evidence regarding her inability to pay that was not available to her and her counsel before and during the trial.

Fourth, Pugh-Hayes made a claim of ineffective assistance of counsel. This does not support reversal of her conviction either. Even if her trial counsel were found to be ineffective in the representation, it is Pugh-Hayes's own testimony that corroborates the State's evidence. The State needed to prove a violation of only one condition of Pugh-Hayes's probation. Pugh-Hayes admitted two violations through her own testimony. The decision to testify was solely Pugh-Hayes's to make. Namely, Pugh-Hayes admitted that she used marijuana and that she traveled outside the state to a casino in Mississippi. It is her

testimony, not the representation by her trial counsel, that solidified the State's case. Since there is only a deemed-denied ruling on this issue of ineffective assistance of counsel and no written order, the ruling is insufficient to raise a direct appeal. *See Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996).

### D. Motion for Release on Bond for Emergency Consideration

The motion for release on bond for emergency consideration was not ruled on and was deemed denied after thirty days had passed. In that motion, Pugh-Hayes asked to be released on bond and claimed emergency circumstances to support her release. Although this is, in effect, an adverse ruling, we hold that it fails to provide a basis for a meritorious appeal.

The test for filing a no-merit brief is not whether there is any reversible error, but whether an appeal would be wholly frivolous. *Gaines v. State*, 2014 Ark. App. 651. Based on our review of the record for potential error pursuant to *Anders*, *supra*, and the requirements of Rule 4-3(k), we hold that Pugh-Hayes's appeal is wholly without merit. Therefore, we grant counsel's motion to withdraw and affirm the trial court's revocation.

Affirmed; motion to withdraw granted.

GRUBER, C.J., and BROWN, J., agree.

*Margo D. Warner*, for appellant.

No response.