Cite as 2024 Ark. App. 421

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CR-24-11

|  |  |
| --- | --- |
| MARK TYSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered September 18, 2024<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-20-38]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Mark Allen Tyson appeals the Ashley County Circuit Court's revocation of his suspended sentence. On appeal, Tyson argues that the State presented insufficient evidence that he violated a condition of his suspended sentence. We affirm.

On June 5, 2020, Tyson pled guilty to possession of a controlled substance. He was sentenced to four months in the community correction facility with an additional thirty-six months' suspended sentence.

On July 17, 2023, the State petitioned to revoke Tyson's suspended sentence, alleging that he committed third-degree domestic battery against Brandie Jackson on June 24, 2023.

On October 10, the court held a revocation hearing. Officer Derek Hill testified that he responded to a domestic-disturbance call at Betty Tyson's home. He explained that when he arrived, he saw Tyson and Brandie yelling, and he saw marks on Brandie's neck. Officer

Hill testified that he arrested Tyson and that Tyson admitted he had kicked Brandie in her stomach.

Betty Tyson testified that she is Tyson's grandmother and that she called 911 on June 24, 2023, to report an altercation between Brandie and Tyson. She explained that Tyson tried to choke Brandie and that he also "jumped" her. She specified that Tyson kicked Brandie in her stomach with his boot, knocking Brandie to the ground. She stated that Brandie had knots on her forearm and forehead and marks on her neck. On cross-examination, Betty specified that the dispute between Brandie and Tyson lasted for about fifteen minutes and that both Brandie and Tyson were hitting each other.

Brandie testified on Tyson's behalf and stated that she is in a relationship with Tyson. She denied that Tyson had choked or hit her at Betty's house, and she explained that the marks on her neck were from sex. She stated that Betty is confused.

Tyson testified and denied having physically harmed Brandie. He explained that he and Brandie had only a verbal disagreement about her roommates' stealing items from his truck.

At the conclusion of the hearing, the court found that Tyson had violated his suspended sentence. The court credited Betty's testimony, and it found Tyson's and Brandie's testimony not credible. The court sentenced Tyson to ten years in prison. This appeal followed.

On appeal, Tyson argues that the State presented insufficient evidence that he violated a condition of his suspended sentence by committing third-degree domestic battery

against Brandie. He points out that the State did not introduce any exhibits and that the court relied only on testimony evidence. He asserts that his and Brandie's testimony contradicts Betty's testimony.

In a revocation hearing, the State must prove its case by a preponderance of the evidence. *Ingram v. State*, 2009 Ark. App. 729, 363 S.W.3d 6. A circuit court may revoke a defendant's suspended sentence if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspended sentence. *Id.* The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions. *Id.*

When appealing a revocation, the appellant has the burden of showing that the circuit court's findings are clearly against a preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of a suspended sentence. *Id.* Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the circuit court's superior position. *Id.* Inconsistent testimony does not render proof insufficient as a matter of law, and one eyewitness's testimony is sufficient to sustain a conviction. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000).

A person commits third-degree domestic battery if with the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member. Ark. Code Ann. § 5-26-305(a)(1) (Supp. 2023). "Physical injury" is

defined in part as the infliction of substantial pain or inflicting bruising, swelling, or a visible mark associated with physical trauma. Ark. Code Ann. § 5-1-102(14)(B) & (C) (Supp. 2023).

In this case, we hold that the circuit court did not err in finding that Tyson violated a condition of his suspended sentence by committing third-degree domestic battery. Betty testified that Tyson tried to choke Brandie and kicked her in her stomach, knocking her to the ground. Officer Hill also testified that Tyson admitted he had kicked Brandie in her stomach. Moreover, both Officer Hill and Betty testified that Brandie had visible marks and knots on her body. The circuit court specifically credited Betty's testimony over Tyson's and Brandie's testimony. Credibility determinations are left to the circuit court, and we will not reweigh the evidence on appeal. *Simmons v. State*, 2024 Ark. App. 42, 683 S.W.3d 231. Accordingly, we affirm the circuit court's revocation of Tyson's suspended sentence.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*K. "Presley" Hager Turner*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.