Cite as 2025 Ark. App. 314

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-432

| | |
|---|---|
| ROBBY LEE MITCHELL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered May 21, 2025<br><br>APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT<br>[NO. 62CR-18-268]<br><br>HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Robby Lee Mitchell appeals the St. Francis County Circuit Court order revoking his suspended sentence. On appeal, Mitchell argues that the circuit court erred by finding that he violated a condition of his suspended sentence and abused its discretion by admitting a crime-lab report into evidence in violation of his constitutional right to confrontation. We affirm.

On May 8, 2019, Mitchell pled guilty to possession of a controlled substance and possession of drug paraphernalia, and he was sentenced to ten years' suspended sentence. On October 16, 2023, the State petitioned to revoke Mitchell's suspended sentence, alleging that he committed possession of a controlled substance and possession of drug paraphernalia.

On December 5, the court held a revocation hearing. Brandon Chandler testified that he is a certified narcotics officer with the drug task force and that he executed a search warrant on Mitchell's apartment on July 3. He stated that Mitchell was in the bedroom and that Mitchell's mother and sister were also in the apartment. He testified that upon searching the bedroom and under the bed, he found a plate with a crystalline residue, a glass pipe, a mirror with crystalline residue, and a spoon with a significant amount of residue. He also stated that in the bedroom dresser, he found Mitchell's driver's license, a glass pipe, three torch lighters, and a USB drive with crystalline residue. Chandler explained that he submitted the spoon and the plate with the crystalline substance to the Arkansas State Crime Laboratory and that he received the results.

The State then asked Chandler the results from the crime lab, and Michell's attorney objected. The court overruled the objection, and Chandler testified that the results showed that the crystalline substance on the plate tested positive for methamphetamine with a net weight of 0.1950 grams. He noted that the lab did not test the spoon.

Chandler further testified that another officer recorded an interview with Mitchell following the search. In the recorded interview, which the State played, Mitchell stated that he had been staying with his mother for a couple of months. He also stated that he smokes methamphetamine every other day, and he admitted selling methamphetamine.

Following the playing of the recorded interview, the State moved to admit the crime-lab report. Mitchell objected, arguing that the report is hearsay, and a proper person from the crime lab did not testify to its authenticity. Mitchell asserted that the admission violated

2

his rights under the Confrontation Clause. The State responded that Mitchell did not file the statutorily required notice of intent to cross-examine the analyst. The court admitted the report.

Dale Arnold then testified that he is an officer with the drug task force and that he assisted in the search of Mitchell's apartment. He explained that during the search, he asked Mitchell if he had narcotics in the apartment, and Mitchell responded that there were narcotics "underneath the bed inside the bedroom."

After the State rested its case, Angela Douglas, Mitchell's sister, testified that the drugs belonged to her. Mitchell also testified and denied that the drugs belonged to him. On cross-examination, he admitted smoking methamphetamine while on probation.

At the conclusion of the hearing, the court revoked Mitchell's suspended sentence and sentenced him to thirty years in the Arkansas Division of Correction. This appeal followed.

In a revocation hearing, the State must prove its case by a preponderance of the evidence. *Ingram v. State*, 2009 Ark. App. 729, 363 S.W.3d 6. A circuit court may revoke a defendant's suspended sentence if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspended sentence. *Id.* The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions. *Id.*

When appealing a revocation, the appellant has the burden of showing that the circuit court's findings are clearly against a preponderance of the evidence. *Id.* Evidence that is

insufficient for a criminal conviction may be sufficient for the revocation of a suspended sentence. *Id.* Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the circuit court's superior position. *Id.*

On appeal, Mitchell first argues that the circuit court erred by finding that he had violated a condition of his suspended sentence by committing possession of drug paraphernalia and possession of a controlled substance. He argues that the State did not establish that he possessed the contraband because his sister claimed ownership of the drugs. He further asserts that the State did not prove that the residue on the plate and spoon was a controlled substance or that the controlled substance was a usable amount.

We hold that the evidence is sufficient to show that Mitchell violated his suspended sentence by committing possession of drug paraphernalia. Under Arkansas Code Annotated section 5-64-443(a)(2)(A) (Repl. 2024), it is unlawful for a person to possesses drug paraphernalia with the purpose to use the drug paraphernalia to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance or to store, contain, conceal, or weigh a controlled substance. Constructive possession is sufficient to establish possession for the purpose of this statute. *Allen v. State*, 2022 Ark. App. 110, 640 S.W.3d 446; *Matlock v. State*, 2015 Ark. App. 65, 454 S.W.3d 776. To prove constructive possession, the State must establish that the appellant exercised care, control, and management over the drug paraphernalia. *Allen*, 2022 Ark. App. 110, 640 S.W.3d 446

4

Constructive possession may be inferred when the contraband is in the joint control of the defendant and another person. *McKee v. State*, 2024 Ark. App. 538, 700 S.W.3d 509. Joint occupancy alone, however, is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id.* In joint-occupancy cases, the State must prove two additional elements: (1) the accused exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. *Franklin v. State*, 60 Ark. App. 198, 962 S.W.2d 370 (1998). The defendant's control over and knowledge of the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *McKee*, 2024 Ark. App. 538, 700 S.W.3d 509.

In this case, Mitchell was in the bedroom where the search took place, and Mitchell informed officers that narcotics were under the bed. Officers then found the contraband under the bed and in the dresser with Mitchell's driver's license. Mitchell stated that he had been living in the apartment for a couple of months, and he also admitted smoking methamphetamine. This is sufficient evidence linking Mitchell to the contraband. Further, even though Mitchell's sister claimed ownership over the contraband, credibility determinations are left to the circuit court, and we will not reweigh the evidence on appeal. *Tyson v. State*, 2024 Ark. App. 421, 698 S.W.3d 406.

As to Mitchell's arguments concerning the State's proof of the controlled substance, the State need only prove that the defendant committed one violation, and Mitchell does

5

not challenge that the contraband included drug paraphernalia. *See Riley v. State*, 2023 Ark. App. 474, at 3, 678 S.W.3d 441, 443. Accordingly, we need not address Mitchell's argument about the proof of the controlled substance.

Mitchell additionally argues that the circuit court abused its discretion by admitting the crime-lab report into evidence in violation of his constitutional right to confrontation because the crime-lab chemist did not testify. Mitchell's right to cross-examine the analyst is protected by the provisions of Arkansas Code Annotated section 12-12-313 (Supp. 2021); however, because Mitchell did not file a notice of intent to cross-examine the analyst, he waived his rights under section 12-12-313. *See Walker v. State*, 2021 Ark. App. 496. Even so, trial error involving the Sixth Amendment right to confront adverse witnesses is subject to a harmless-error analysis. *Roston v. State*, 362 Ark. 408, 208 S.W.3d 759 (2005); *Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995). Here, the crime-lab report was unnecessary to prove possession of drug paraphernalia. *Roston*, 362 Ark. 408, 208 S.W.3d 759. Thus, any alleged error was harmless, and we affirm the revocation of Mitchell's suspended sentence.

Affirmed.

THYER and HIXSON, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.